THE CITY OF NORTH WILDWOOD, RESPONDENT, v. RICHARD H. CONEY, PROSECUTOR.

Submitted March 20, 1924—Decided May 6. 1924.

1. As a general rule the court should not undertake to decide a legal question not presented by the case before it.
2. Section 1 of article 15 of the "Home Rule act" (*Pamph. L.* 1917, *p.* 358) does not authorize the passage of an ordinance by the city of North Wildwood requiring the procurement of a license and payment of a fee for revenue purposes by a truckman residing, conducting his business, and regularly licensed in another municipality, as a condition precedent to making a delivery of goods from such other municipality into North Wildwood.

On *certiorari.*

Before Justices TRENCHARD, PARKER and CAMPBELL.

For the prosecutor, *Palmer M. Way.*

For the respondent, *Robert Bright.*

The opinion of the court was delivered by

PARKER, J. This writ brings up the conviction of prosecutor on a charge of violating sections 1 and 9 of an ordinance of the city of North Wildwood, entitled "An ordinance governing, regulating and fixing the fees of mercantile license in the city of North Wildwood, county of Cape May and State

of New Jersey, and regulating the business licensed." Section 1 prescribes a scale of "fees to be paid annually to the city of North Wildwood for a license to conduct the different kinds of businesses hereinafter mentioned within the corporate limits of said city." Among the "businesses" are "auto trucks, capacity over two tons, $20; delivery automobiles used to deliver goods in any business not licensed by the city of North Wildwood, $15." Section 9 prescribes the penalties for violation. The complaint charged a breach of these sections by said prosecutor on a specified date, "in that he did on said date deliver or cause to be delivered to some person or persons resident on East Seventeenth avenue, within the limits of said city, certain goods and chattels in a motor truck without having first procured a license therefor."

The complaint seems inadequate on its face, for it contains no allegation of delivery in the course of any business, and the ordinance is apparently not aimed at any but business transportation and delivery. But as this point is not made, and the parties evidently desire a decision on the merits, we proceed to examine them. The facts, as shown by the stipulation and testimony, are that prosecutor lives, not in North Wildwood, but in Wildwood, in which latter place he conducts an express and general hauling business; that his only office and place of business is in Wildwood, and that he pays a local license on his business and trucks in that place, but delivers from time to time in other municipalities, including North Wildwood, and actually did make a business delivery there, which is the basis of the complaint, and that he holds no license for North Wildwood. By the stipulation it appears that the haul of the merchandise so delivered began at the office of prosecutor in Wildwood. Prosecutor also testified, in response to a question by the respondent's counsel, that he had (at times) delivered goods fom one point in North Wildwood to another in the same city.

Counsel by the stipulation submit three "questions upon which a ruling is desired," all relating to the powers of the city under the ordinance. The first question is as follows:

1. Under said ordinance has the city of North Wildwood lawful rights to levy a mercantile license fee upon motor trucks, wagons and other vehicles, used by truckmen and merchants, maintaining no place of business in said city of North Wildwood, but maintaining places of business and paying such mercantile license fees in other municipalities in delivering goods from the municipalities where they conduct their various businesses *into* the city of North Wildwood?

The second and third are similar in form, but deal respectively with hauls beginning and ending in North Wildwood, and hauls beginning in North Wildwood and terminating outside of it. They are not raised on the record before us, and hence are purely moot questions with which, on well-understood principles, it is usually improper for a court to deal. The first is the only one legitimately presented, to the extent that it arises out of the specific fact that prosecutor made the particular haul shown in the testimony, from his own office in Wildwood to a delivery in North Wildwood. Assuming this to have been properly charged in the complaint, which as we have already seen is silent both as to the place of origin and the business feature, we answer it in the negative; for, assuming, without deciding, that the ordinance is broad enough to cover the case, still the statute on which it is based cannot properly be construed as applicable to the case in hand.

In *Cary* v. *North Plainfield,* 49 *N. J. L.* 110, a case involving a similar ordinance based on a similar statute, this court, speaking through Mr. Justice Dixon, said:

"The inconvenience attendant upon the exercise by every municipality in the state of the power of excluding from its limits all unlicensed vehicles engaged in transporting goods or passengers for hire, is manifest. Its legitimate operation would require the owners of such vehicles to obtain licenses, not only from the authorities of the place where their business had its headquarters, but also from every neighboring town into which their casual engagements might call them, or else to unload their vehicles at the border line.

A general law having effects so burdensome or so absurd is not to be anticipated, and only unequivocal language could convince a court that such legislation was intended." * * * "When a power to tax for revenue is claimed, something more than mere temporary presence within the borough must be shown. It must appear that the business to be taxed is carried on in the municipality, and occasional transportation into, through or out of the borough, incidental to the pursuit of a business elsewhere established, cannot fairly be regarded as localizing the business there, so as to bring it within the taxing power granted by the statute in question."

This case was cited and followed in *Wilkinson, Gaddis & Company* v. *Neptune City*, 85 *N. J. L.* 21, and the principle was applied in *Morristown Auto Bus Co.* v. *Madison, 85* Id. 59 (at *p.* 62).

The statute now applicable as supporting a licensing ordinance of this general character seems to be section 1 of article 15 of the Home Rule act—*Pamph. L.* 1917, *p.* 358, ¶ (*b*)—which includes "cartmen, expressmen, baggagemen, * * * and the place or places or premises in which or at which the different kinds of business or occupations mentioned herein are carried on or conducted." The rule of construction laid down in *Cary* v. *North Plainfield* is plainly applicable to this act also. Indeed, it is not too much to say that the ordinance itself is susceptible to the same construction, for the fees prescribed therein are for "a license to conduct the different kinds of businesses mentioned within the corporate limits."

For the reasons stated, the complaint and conviction brought up will be set aside, with costs.